**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30405

_____

LORRAINE ROCHE LINEHAN;
JOHN EDWARD LINEHAN,

Plaintiffs-Appellants,

v.

NEW ORLEANS ROOSEVELT VENTURE; ET AL.,

Defendants,

PAUL GARING;
CINCINNATI INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana, New Orleans
01-CV-412-F

_____

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This diversity suit arose from an incident that occurred in

a New Orleans hotel in the early morning hours of November 4,

2000. After retiring to her room for the evening, appellant

Lorraine Linehan awoke to find a man that she did not know,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appellee Paul Garing, asleep in her room and on her bed.  Garing was also a guest of the hotel, and had gone to sleep in his own room prior to appearing in Ms. Lineham's room hours later.  It is unclear how Garing was able to get into Ms. Linehan's room – whether her door had been left partially ajar or the automatic locking mechanism was faulty is uncertain.  Ms. Linehan, quite naturally, was alarmed and upset to find Garing asleep in her bed.  She woke him up and dispatched him out into the hallway. Garing insisted that he was in his room and objected to being forced into the hallway without his trousers and keys.

Alleging mental injuries from the encounter with Garing, Ms. Linehan and her husband filed this suit against Garing and his insurance company, asserting claims of civil trespass and negligence under Louisiana law.[1]  Following discovery, the appellees moved for summary judgment, which the district court granted.  The appellants contend that because they raised material issues of fact regarding both of their claims, the district court erred in granting summary judgment.

This court reviews a district court's grant of summary judgment *de novo*, and applies the same standards as the district court.  *Rivers v. Cent. and S. W. Corp.*, 186 F.3d 681, 682 (5th

---

[1]Ms. Linehan also brought suit against the hotel, alleging that defects in the locking system of the door permitted Garing to enter her room without a key.  That claim was settled prior to this appeal and is not before us.

Cir. 1999).  Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists.  Fed. R. Civ. P. 56(c); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  Summary judgment is mandated when the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Such a showing requires more than "some metaphysical doubt as to the material facts," "conclusory allegations," or a "scintilla of evidence."  *Little,* 37 F.3d at 1075 (citations and internal quotations omitted).  If the record, when viewed as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial" and summary judgment is mandated.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Regarding the trespass claim, the district court granted summary judgment for Garing and his insurer on the grounds that the appellants were unable to create an issue of fact as to whether Garing intentionally entered Ms. Linehan's hotel room. Under Louisiana law, the tort of trespass requires a demonstration that the defendant <u>intended</u> the "unlawful physical invasion of the property of another."  *Terre Aux Boeufs Land Co.,*

-3-

*Inc. v. J.R. Gray Barge Co.,* 803 So.2d 86, 94-95 (La. Ct. App. 2001).

Garing argued, and the district court agreed, that because he was sleepwalking when he entered Ms. Linehan's hotel room, he was unable to form the requisite intent. In support of his contention, Garing submitted the testimony of a life-long friend who personally witnessed Garing sleepwalking during their teenage years and was aware that Garing had continued to have sleepwalking episodes as an adult. Garing additionally presented an affadavit by a board certified neurologist, Dr. Gregory Ferriss, who specializes in sleep disorders. Dr. Ferriss testified that the symptoms Garing claimed to have experienced around the time of the incident were consistent with the clinical picture of sleepwalking, and were indicative of a "partial level of consciousness" which rendered him "incapable of understanding, reasoning, or problem solving."

We are unable to find any evidence in the record to counter Garing's claim that he was sleepwalking when he entered Ms. Linehan's hotel room. The appellants merely assert the existence of an issue of fact on this matter, and fail to provide us with any evidence, in the form of expert testimony or otherwise, that Garing intended to enter a room that was not his own that evening. Because there is no evidence to the contrary, or from which we can infer otherwise, we are left to conclude that Garing

-4-

was indeed sleepwalking when he entered Ms. Linehan's room, and was therefore unable to form the requisite intent to trespass. Summary judgment was thus properly granted on this claim.

Appellants' second claim alleged that Garing's failure to take precautions against the possibility that he would sleepwalk constituted general negligence under Louisiana Civil Code Articles 2315 and 2316. The Louisiana Supreme Court supplied the elements of a negligence claim in *Roberts v. Benoit,* 605 So.2d 1032 (La. 1991). Under the established duty-risk analysis, in order for the defendant to be found liable, the trier of fact must be able to answer the following four questions affirmatively:

1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?

2) Did the defendant owe a duty to the plaintiff?

3) Was the duty breached?

4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached, i.e., was the defendant's conduct the legal cause of the harm?

*Haydin v. Crescent Guardian, Inc.,* 818 So.2d 1033, 1040 (La. Ct. App. 2002). *See Felton v. Greyhound Lines, Inc.,* No. 02-30324, 2003 WL 1192930 at *3 (5th Cir. April 1, 2003); *Federal Deposit*

*Insurance Corp. v. Barton*, 233 F.3d 859, 863 (5th Cir. 2000).

The district court granted appellees summary judgment on the grounds that the appellants could not demonstrate that Garing's sleepwalking was the legal cause of Ms. Linehan's injuries. Legal cause is a matter of law, and ultimately a question of policy as to "whether the enunciated rule or principle of law extends to or is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*." *FDIC,* 233 F.3d at 863; *Roberts,* 605 So. 2d at 1044-45 (emphasis in original). Generally, the circumstances leading to the plaintiff's injury must be reasonably foreseeable in order for the risk to fall within the scope of the duty. *Paul v. Louisiana State Employees' Group Benefit Program,* 762 So. 2d 136, 143 (La. Ct. App. 2000).

Based upon our examination of the record, we must agree with the district court that the appellants are unable as a matter of law to demonstrate that the injuries they sustained were within the scope of any duty owed to them by Garing. At bottom, the question is whether the risk of injury from Garing's sleepwalking, produced by a combination of his actions and that of a third party (a malfunctioning or propped open door), is within the scope of protection of a rule of law that would prohibit sleepwalking. *See Roberts,* 256 So.2d at 622. Sleepwalking is not a negligent activity *per se* – it is only conduct that creates an appreciable range of risk for causing

-6-

harm that is prohibited.  *See id*.  Garing's previous sleepwalking episodes harmed neither himself nor others.  Although Garing has had sleepwalking episodes since childhood, they were infrequent. Our review of the record leaves us unable to conclude that the appellants' injuries could have been reasonably foreseen or anticipated.  Appellants are therefore unable to demonstrate legal causation as a matter of law, and summary judgment for the appellees on the negligence claim was therefore also appropriate.

Accordingly, the judgment of the district court is AFFIRMED.

JUDGE CARL STEWART CONCURS IN THE JUDGMENT ONLY.